IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| v. | § | 1:17-cv-812-RP-AWA |
| | § | |
| WILLIAMSON COUNTY, et al. | § | |

## ORDER

Before the Court is Plaintiff John Doe's Complaint (Dkt. No. 1), and Motion to Proceed *In Forma Pauperis* (Dkt. No. 4). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff John Doe submitted his application to proceed *in forma pauperis* anonymously. However, the application requires the plaintiff to sign the affidavit under penalty of perjury. Without a signature by the Plaintiff, using his correct name, the Court cannot grant Plaintiff *in forma pauperis* status. Any privacy concerns that Plaintiff has in providing his name to the Court may be alleviated by filing the application under seal. Accordingly, Plaintiff is **ORDERED** to file an amended Application to Proceed *In Forma Pauperis*, signed by the Plaintiff, by **November 30, 2017**.

Moreover, Plaintiff has not been granted permission to file suit anonymously. Federal Rule of Civil Procedure 10(a) requires that "[t]he title of the complaint must name all the parties." *See also Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). Courts have permitted anonymity in certain "exceptional" cases where (1) a plaintiff sought to challenge governmental activity, (2) the suit would require the disclosure of "information 'of the utmost intimacy,'" (3) the plaintiff would be at risk of criminal prosecution, or (4) the plaintiff was a minor. *Id.* at 185–86. However, this decision

is at the discretion of the Court, and plaintiffs are required to first request permission to proceed anonymously and explain the "exceptional" circumstances that would require anonymity. Plaintiff has not done so here. Therefore, in order to proceed anonymously in this action, Plaintiff **IS ORDERED** file a Motion to Proceed Anonymously asserting the reasons that he should be permitted to do so by **November 30, 2017**. This may be filed under seal, but must give the Court sufficient information to determine whether the plaintiff's privacy concerns outweigh "the presumption of openness of judicial proceedings." *Id.* at 186.

Finally, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff brings this suit alleging that Williamson County, Henry Prejean as Chief Civil Attorney of Counsel, Ruhee Leonard as Civil Attorney, and a number of unnamed Williamson County employees violated his rights under the Americans with Disabilities Act (ADA). Specifically, Plaintiff alleges that he was denied the ability to sit for jury duty on the basis of his disability. To state a claim under the ADA, Plaintiff must establish

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible. . .; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671–72 (5th Cir. 2004). However, a conclusory assertion that the plaintiff suffers from a disability within the meaning of the statute is insufficient to plead the first element. Instead, Plaintiff must identify his disability, as is required to state a claim under the ADA. As such, Plaintiff is **FURTHER ORDERED** to file by **December 15, 2017** a More Definite Statement that, at a minimum, identifies the disability that he alleges is the basis of his discrimination claim.

Plaintiff is warned that, pursuant to Federal Rule of Civil Procedure 12(e), failure to comply with this Order within the time allotted will result in this Court's recommendation that this case be dismissed.

SIGNED this 20th day of November, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE