IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| Plaintiff, | § § § | |
| v. | § | 1:17-CV-812-RP |
| WILLIAMSON COUNTY, et al., | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court in the above-entitled matter is Plaintiff's Motion for Extension of Time to File Objections or, in the Alternative, Motion for Appointment of Counsel. (Dkt. 19). Plaintiff seeks a 60-day extension of the deadline to file his responses to the Report and Recommendation of the United States Magistrate Judge entered on February 8, 2018.

Plaintiff's objections were originally due on or before February 26, 2018. *See* Fed. R. Civ. P. 72(b) (imposing a 14-day deadline for a party to file written objections to a magistrate judge's proposed findings and recommendations); Fed. R. Civ. P. 6(d) (explaining that three days are added to deadlines when a party may act within a specified time after being served and service is made by mail). On February 14, 2018, Plaintiff requested an extension of time to file his objections.[1] (Dkt. 14). Plaintiff's motion neither explained why an extension was necessary nor proposed a new deadline, but—because Plaintiff is proceeding *pro se*—the Court exercised its discretion under Federal Rule of Civil Procedure 6(b)(1)(A) and extended the deadline for objections to the report and recommendation until March 9, 2018. (Order, Dkt. 16, at 1).

Plaintiff did not file his objections before that extended deadline. Instead, on March 5, he filed the instant Motion for Extension, seeking an additional 60-day extension of time to object to

---

[1] Though dated February 14, 2018, that request was not received and docketed until February 20. (Dkt. 14, at 1).

1

the magistrate judge's report and recommendation. (Dkt. 19). As Plaintiff has already been granted an 11-day extension, the Court is unpersuaded that the deadline should be extended further. Plaintiff's motion to extend the deadline for objections is hereby **DENIED**.

As noted above, Plaintiff—who brings claims pursuant to the Americans with Disabilities Act of 1990—also seeks the appointment of counsel. There is no right to the automatic appointment of counsel in a civil case. 28 U.S.C. § 1915; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi Ind. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). Rather, courts should determine whether the case involves "exceptional circumstances" sufficient to warrant the appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). The U.S. Court of Appeals for the Fifth Circuit has identified four factors—known as the *Ulmer* factors—that courts should consider in making that determination. Those factors include (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent plaintiff is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Id.* at 213 (citations omitted).

Having applied the *Ulmer* factors to the case at hand, the Court concludes that no exceptional circumstances warranting the appointment of counsel exist. Plaintiff's request for the appointment of counsel is **DENIED**.

**SIGNED** on March 13, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE